UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA BRAIK,<br>       Plaintiff,<br>    v.<br>SOUTHWEST AIRLINES CO.,<br>       Defendant. | Case No. 25-cv-08269-VKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY JUDGE**<br>Re: Dkt. No. 8 |

On September 29, 2025, plaintiff Victoria Braik, who is representing herself, filed a complaint and application to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2. On October 15, 2025, the Court issued an order granting Ms. Braik's IFP application and screening the complaint pursuant to 28 U.S.C. § 1915(e). Dkt. No. 7. The Court found that the complaint failed to state a claim over which the Court has subject matter jurisdiction and was subject to dismissal on that basis. *Id.* The Court afforded Ms. Braik an opportunity to file an amended complaint by November 12, 2025. *Id.* On October 23, 2025, Ms. Braik filed a motion to disqualify the undersigned. Dkt. No. 8. This motion is deemed suitable for determination without oral argument. Civil L.R. 7-1(b).

Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, section 455 requires a judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a),

including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1). Section 455 is considered "self-enforcing on the part of the judge." *Smith v. Google LLC*, No. 18-cv-06459-SVK, 2019 WL 542110, at *1 (N.D. Cal. Jan. 18, 2019), *report and recommendation adopted*, No. 18-cv-06459-BLF, 2019 WL 539063 (N.D. Cal. Feb. 11, 2019) (quoting *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980) and 28 U.S.C. § 455(a)). Here, the Court broadly construes Ms. Braik's motion to disqualify and evaluates her motion under both 28 U.S.C. § 144 and 28 U.S.C. § 455.

Upon receipt of a motion for disqualification, "[t]he judge who is the subject of disqualification . . . makes the initial determination as to the legal sufficiency of the [supporting] declaration." *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021 (N.D. Cal. 2001) (citations omitted*); see also United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("We have held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance."); *see also* Civil L.R. 3-14. An affidavit or declaration is legally sufficient when "it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (citations omitted). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *See id.* at 868-69 (holding judge challenged under section 144 properly heard and denied motion where affidavit not legally sufficient).

"The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotations and citation omitted); *see also United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) ("The 'reasonable person'" is "a well-informed, thoughtful observer.") (internal quotations and citation omitted); *Sibla*, 624 F.2d at 867 ("The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1), and the decisions interpreting this language in section 144 are controlling in the interpretation of section 455(b)(1)."). Additionally, motions for recusal are "limited by the 'extrajudicial source' factor

2

which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913-14; *see also Sibla*, 624 F.2d at 868 (affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source"). A judge's prior adverse rulings generally are not a valid basis for a motion for recusal or disqualification. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir.1993) (per curiam).

Ms. Braik's allegations of bias or prejudice fail to establish any basis, under either section 144 or section 455, for a determination that the Court's impartiality might reasonably be questioned. Ms. Braik alleges that the Court engaged in "legal abuse" when screening the complaint because "[a]ll factual allegations in complaint are TRUTH for limited purposes," and the Court "considered that she knows Montreal convention better than Plaintiff and Defendant . . . ." Dkt. No. 8 at 1-2. She further alleges that the Court's order "raised due process concerns and bias/prejudice to Plaintiff." *Id.* at 2.

Ms. Braik's allegations regarding bias and prejudice are conclusory. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) ("mere conclusory allegations . . . are insufficient to support a claim of bias or prejudice such that recusal is required."); *see also Holland*, 519 F.3d at 913 ("The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.") (internal quotations and citation omitted). Nor does Ms. Braik cite any plausible extrajudicial source of bias or prejudice. Rather, her allegations stem solely from her disagreement with the Court's October 15, 2025 order (Dkt. No. 7). It is well settled that an adverse ruling, standing alone, is an insufficient basis for recusal. *See Liteky*, 510 U.S. at 555; *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("[Plaintiff's] allegations stem entirely from the district court judge's adverse rulings. That is not an adequate basis for recusal."). Moreover, contrary to Ms. Braik's assertion, this Court has not dismissed her case; rather, the Court has screened her complaint pursuant to 28 U.S.C. § 1915(e) and has given her an opportunity to file an amended complaint addressing the deficiencies identified in the screening

1   order by November 12, 2025.  Dkt. No. 7.

2         In sum, Ms. Braik has not articulated any facts or circumstances that would cause a "well-
3   informed, thoughtful observer" to conclude that the Court's impartiality might reasonably be
4   questioned.  *Holland*, 519 F.3d at 913-14.  Accordingly, the motion to disqualify is denied.

5         **IT IS SO ORDERED.**

6   Dated: October 24, 2025

*[signature: Virginia K. DeMarchi]*

Virginia K. DeMarchi
United States Magistrate Judge