UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA BRAIK,<br>          Plaintiff,<br>v.<br>SOUTHWEST AIRLINES CO.,<br>          Defendant. | Case No. 25-cv-08269-VKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 9 |

On September 29, 2025, plaintiff Victoria Braik, who is representing herself, filed a complaint and application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1, 2. On October 15, 2025, the Court issued an order granting Ms. Braik's IFP application and screening the complaint pursuant to 28 U.S.C. § 1915(e). Dkt. No. 7. The Court found that the complaint failed to state a claim over which the Court has subject matter jurisdiction and was subject to dismissal on that basis. *Id.* The Court afforded Ms. Braik an opportunity to file an amended complaint by November 12, 2025. *Id.* On October 24, 2025, Ms. Braik filed a motion for reconsideration of the Court's order. Dkt. No. 9. This motion is deemed suitable for determination without oral argument. Civil L.R. 7-1(b).

Civil Local Rule 7-9 governs motions for reconsideration of interlocutory orders prior to "the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case."[1] Civil L.R. 7-9(a). Under that rule, a party may seek leave to file a motion for

---

[1] In her motion, Ms. Braik cites Rules 59 and 60 of the Federal Rules of Civil Procedure. These rules apply when a final judgment has issued. No final judgment has issued in this case, so these rules are inapplicable.

reconsideration any time before judgment. *Id.* "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." *Id.* Ms. Braik did not seek leave of the Court to file her motion. Nevertheless, in view of Ms. Braik's pro se status, the Court will consider her motion on the merits.

A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments. Civil L.R. 7-9(b).

Ms. Braik appears to rely on the third ground. She contends that the Court erred in finding that the complaint failed to state a claim over which the Court has subject matter jurisdiction because "Montreal convention is Federal subject matter jurisdiction." Dkt. No. 9 at 2. Specifically, Ms. Braik argues that the Court "wrongly referred [to]" and "distort[ed] the facts [of]" cases and that the Court "manipulate[d] facts before trial." *Id.* at 3-4.

With respect to the Court's consideration of material facts, Ms. Braik's arguments are not entirely clear. She appears to acknowledge that, as pled in her complaint, she purchased two tickets: one from Warsaw, Poland to Los Angeles, California on a United Airlines/Lufthansa Airlines flight, and a second from Los Angeles, California to San Jose, California on a Southwest Airlines flight. Dkt. No. 9 at 2. The Court did not fail to consider these facts in its October 15, 2025 screening order. *See* Dkt. No. 7 at 3. To the extent Ms. Braik relies on other facts that were not pled in her complaint, the Court could not have considered those facts. If she wishes, Ms. Braik may include additional factual allegations in the amended complaint that the Court has given her an opportunity to file. *See id.* at 5-6.

With respect to the Court's consideration of dispositive legal arguments, Ms. Braik cites several cases that she contends support her argument that the original complaint establishes a basis for the Court to exercise federal subject matter jurisdiction. *See* Dkt. No. 9 at 4. These cases are distinguishable, as none of them involve the circumstances presented here—namely, a ticket for purely domestic travel from one airline, purchased separately from a ticket for international travel

from a different airline. *See Garcia v. Aerovias de Mexico, S.A.*, 896 F. Supp. 1216, 1218 (S.D. Fla. 1995) (holding that the Warsaw Convention preempted state law claims where plaintiff alleged he was assaulted on an international flight from Miami, Florida to Cancun, Mexico); *Ambe v. Air France, S.A.*, No. 2:17-cv-08719 DDP-EX, 2018 WL 6435875, at *2-4 (C.D. Cal. Dec. 7, 2018) (holding that the Montreal Convention preempted state law claims where plaintiff's husband died during an international flight from Los Angeles, California to Paris, France); *Lee v. AMR Corp.*, No. 15-cv-2666, 2015 WL 3797330, at *4 (E.D. Pa. June 18, 2015) (finding that plaintiff's claims fell within the scope of the Montreal Convention where plaintiff had purchased a ticket for an international flight from Miami, Florida to Ladyville, Belize, even though she was not permitted to board that flight). Other cases cited by Ms. Braik *support* the Court's conclusion that the complaint does not plausibly allege a factual basis for application of the Montreal Convention. *See Biscone v. JetBlue Airways Corp.*, 681 F. Supp. 2d 383, 387 (E.D.N.Y. 2010) (finding that plaintiff, who experienced delay of a domestic flight, lacked standing for a claim under the Montreal Convention because she was not "an international traveler"); *Quinn v. Guerrero*, 863 F.3d 353, 358-59 (5th Cir. 2017) (in a case unrelated to the Montreal Convention, observing that "[t]he plaintiff's federal question must appear on the face of his well-pleaded complaint").

Finally, Ms. Braik contends that the Court's screening order misrepresented the decision in *Best v. BWIA W. Indies Airways Ltd.*, 581 F. Supp. 2d 359 (E.D.N.Y. 2008). *See* Dkt. No. 9 at 3. It is unclear why she believes this is the case. The screening order accurately described the relevant holding in a "see also" cite to *Best* as "defendant airline qualified as 'successive carrier' where it sold plaintiff a ticket for both her flight on defendant's plane and her flight on another airline." Dkt. No. 7 at 5. The complete quotation of the applicable text from the *Best* decision is:

> Based on the uncontested facts, the relationship between BWIA and LIAT is that of successive carriers. It is undisputed that BWIA sold Mrs. Best a ticket for both her travel on BWIA to Port of Spain, and her flight on LIAT from Port of Spain to Grenada.

*Best*, 581 F. Supp. 2d at 363.

The Court cautions Ms. Braik that mere disagreement with a decision of this Court is not an appropriate basis for seeking reconsideration of a Court order. Civil L.R. 7-9(b); *see also* Dkt.

3

No. 10 (denying Ms. Braik's motion to disqualify on this ground). As Ms. Braik has not identified any grounds supporting reconsideration of the Court's screening order, her motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: October 28, 2025

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge